*Clarke & Clarke,* contra.

---

### 18557. FOWLER *v.* THE STATE.

The trial judge did not abuse his discretion in refusing to vacate and set aside the verdict and judgment.

DECIDED DECEMBER 14, 1927. REHEARING DENIED JANUARY 7, 1928.

Motion to vacate judgment; from city court of Dublin—Judge Bidgood. September 12, 1927.

*W. A. Dampier,* for plaintiff in error.

*J. A. Merritt, solicitor,* contra.

LUKE, J. B. C. Fowler was convicted, in the city court of Dublin, of torturing, cruelly treating, kicking and slapping a minor

Criminal Law, 17 C. J. p. 228, n. 24.

child, and of whipping the child with a double plow-line, a large stick, with his fist, and with whips and sticks. He made a motion "to set aside and vacate the judgment of the court and verdict of the jury in said case, and for grounds thereof says: that he was tried, convicted, and judgment passed upon him by the court on the 27th and 28th of September, 1926, in the said city court of Dublin, Laurens County, Georgia, which verdict of jury was rendered in vacation of that court, after said term of the court had been automatically adjourned by operation of law, and that for this reason said verdict is null and void, and a mere nullity. Movant contends that the said judgment of sentence passed in said case by the court is a mere nullity, and is void, for the same reason that the September quarterly term of the city court of Dublin had been duly adjourned by operation of law, and at the time said sentence was passed upon him there was no court in session, that it was in vacation of said court, and that the court had no authority to pass said sentence and judgment upon him." The trial judge passed the following order: "The within petition and motion coming on for hearing, and it appearing to the court, after due consideration thereof, that the same sets forth no sufficient and legal reason why the sentence of the court should be vacated and set aside, the same is hereby dismissed, denied, and overruled. Ordered further that the judgment in said case be superseded and held up until further order of the court." To this order the movant excepts.

Under the acts of 1900 (Ga. L. 1900, p. 120), section 8, the judge of the city court of Dublin "may hold adjourned terms of said court when in his discretion the same is advisable, and the jurors summoned to the quarterly term immediately preceding such adjourned term shall serve at such adjourned term." See, in this connection, *Fussell* v. *State,* 11 *Ga. App.* 843 (76 S. E. 597). Under the above authority and the record in this case, we can not say that the trial judge abused his discretion in refusing to vacate and set aside the verdict and judgment.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*